UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHINA RAILWAY NO. 10 ENGINEERING  :
GROUP CO. LTD.,                   :
                                  :
                                  :        **DECISION & ORDER**
            Petitioner,           :
      - against -                 :        21 Cv. 5941 (RMB)
                                  :
TRIORIENT, LLC,                   :
                                  :
            Respondent.           :
-------------------------------------------------------------x

Based on the record herein, including without limitation **(i)** Respondent Triorient, LLC's failure to appear and/or participate in these confirmation proceedings even though it spent nearly 14 months in arbitration with Petitioner China Railway No. 10 Engineering Group Co. Ltd. See Docket; **(ii)** the arbitration award issued on December 11, 2020 by arbitrator Franco Ferrari, a professor at New York University School of Law, who determined that Respondent was obligated to pay Petitioner $778,265.00 under the parties' contract dated September 4, 2017, plus $74,300.00 in "arbitration costs" and $93,247.80 in "legal fees and expenses incurred during the arbitration proceedings."[1] See Pet. Ex. B (Arb. Award) ¶ 160; and **(iii)** the (unopposed) Petition to Confirm the Arbitration Award, dated July 15, 2021, seeking an order confirming the arbitrator's Award plus an award of Petitioner's "reasonable attorneys' fees incurred in bringing this proceeding" and such other relief "that this Court, in the interests of justice, deems necessary and proper."[2] See Pet. at p. 12, **the Court hereby grants the Petition to Confirm the Arbitration Award, as follows**:

---

[1] Pursuant to the arbitrator's decision, interest on the $778,265.00 is "9% per annum calculated from the date of [Respondent's] default [under the parties' contract], i.e., 26 October 2017, until payment is made." See Arb. Award ¶ 160. And, interest on the $74,300.00 in arbitration costs and on the $93,247.80 in legal fees and expenses incurred during the arbitration proceedings is "9% per annum calculated from the date of the Award [i.e., December 11, 2020] until payment is made." Id.

[2] Petitioner also filed a "(Proposed) Order to Show Cause for Default Judgment" [Dkt. #12] and a "(Proposed) Default Judgment" [Dkt. #15]. However, "default judgments in confirmation/vacatur

1. Petitioner is a Chinese corporation based in Jinan, China. See Pet. Ex. A (Contract) at p. 1. Respondent is an American corporation based in Darien, Connecticut. Id. On September 4, 2017, the parties entered into a contract which provided for "[Petitioner's] sale and delivery of 30,000 metric tons, more or less ten percent, of [a product called] HBI," in exchange for which Respondent would pay a "purchase price of $7,778,265." See Pet. ¶¶ 18–21; see also Contract at p. 1. The contract included an arbitration clause which provided as follows: "Any difference, dispute or controversy arising between the Parties arising out of or related to this contract . . . shall be settled through a mandatory arbitration conducted before a single arbitrator in accordance with Commercial Arbitration Rules of the American Arbitration Association, 140 West 51st Street, New York, New York. Both Parties agree to abide by the decision/award of the arbitrator designated to serve on the matter by this Association, and that such decision/award shall be final. . . . The prevailing Party in any arbitration case hereunder shall be awarded its reasonable attorney fees and costs. The arbitration procedure shall take place in New York, New York and be held in the English language." See Contract at p. 7.

2. On October 4, 2017, Petitioner shipped approximately 30,000 metric tons of HBI in accordance with the parties' contract. On October 25, 2017, Respondent paid Petitioner $7,000,000 of the agreed to $7,778,265 for the goods delivered. Respondent "had failed to pay [Petitioner] . . . . the outstanding part of the purchase price amounting to $778,265." Pet. ¶¶ 23, 31; see also Arb. Award ¶¶ 146–47.

3. On September 18, 2019, "[b]ecause [Respondent] had failed to pay [Petitioner] the total purchase price pursuant to the Contract, [Petitioner] commenced arbitration proceedings with the AAA [American Arbitration Association]." Pet. ¶ 23. The arbitration proceeding was initiated pursuant to the (above described) arbitration clause of the contract, which provided for mandatory arbitration. See supra ¶ 1. During the proceedings, Respondent contested Petitioner's claim that it was

---

proceedings are generally inappropriate." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Accordingly, the Court declines to sign off on either of Petitioner's (proposed) orders.

entitled to the full purchase price ($7,778,265). "According to Respondent, the full price was not paid for justifiable reasons: Respondent was entitled to withhold payment by way of price reduction under CISG Article 50, due to the goods not conforming to contract specification." Arb. Award ¶ 129.

Over the course of nearly 14 months, the parties engaged in arbitration, including "briefing (accompanied by witness statements, expert reports and exhibits)," document discovery, and hearings held on March 11, 2020 and October 15, 2020. Pet. ¶ 26; Arb. Award ¶¶ 21, 90. On December 11, 2020, the arbitrator issued a thorough 48-page final written Award in favor of Petitioner. The Award determined that Respondent "failed to prove why it would be entitled to [] reduce the price . . . (in the amount of $778,265.00)." Arb. Award ¶ 146. He ruled that Respondent was liable to Petitioner for $778,265.00 (i.e., the balance of the purchase price under the contract), as well as $74,300.00 in arbitration costs and $93,247.80 in legal fees and expenses. Id. ¶ 160.

To date, "Respondent has not paid Petitioner any portion of the Final Award." Pet. ¶ 34. It has not paid the balance of $778,265.00 owed under the contract, the $74,300.00 in arbitration costs, or the $93,247.80 in legal fees and expenses. Id.

**4.** On July 15, 2021, Petitioner filed the Petition to Confirm the Award in accordance with the arbitration clause in the parties' contract, the Federal Arbitration Act, and the Convention on Recognition and Enforcement of Foreign Arbitral Award. Id. ¶¶ 8, 23–25. Respondent has not appeared in these confirmation proceedings. Despite being served with process, Respondent has not filed a notice of appearance nor has it moved to vacate, modify, or correct the Award. See Dkt. #5.

**5.** "[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." D.H. Blair, 462 F.3d at 110; see also Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc., 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012). The Second Circuit "has made clear . . . that where the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine

3

if it has met its burden of demonstrating that no material issue of fact remains for trial.'" Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (citation omitted); D.H. Blair & Co., 462 F.3d at 110 ("Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." (citation omitted)).

6. The uncontroverted authorities and materials submitted by Petitioner in this proceeding confirm there is no material issue of fact that the arbitrator did not carefully resolve. See Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Phillip Constr. Grp. Corp., 2021 WL 3604575, at *3–4 (S.D.N.Y. Aug. 12, 2021); see also Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. All. Workroom Corp., 2013 WL 6498165, at *5 (S.D.N.Y. Dec. 11, 2013). And, Respondent clearly acknowledged its contractual obligation to Petitioner by having paid $7,000,000 (of the $7,778,265) due under the contract. See Phillip Constr. Grp. Corp., 2021 WL 3604575, at *2–4 ("The uncontroverted record before the Court establishes that . . . . Respondent owed $19,764.01 . . . pursuant to the Project Agreement and CBAs [i.e., the parties' contracts]."). According to the Award, Respondent failed to satisfy its contractual obligation. See All. Workroom Corp., 2013 WL 6498165, at *4–5 (S.D.N.Y. July 12, 2010) ("Petitioner has [] provided uncontroverted materials that demonstrate the absence of a material issue of fact for trial. . . . The evidence submitted at the arbitration established that, pursuant to the CBA [i.e., the parties' contract], Respondent was required to make certain payments to the Funds, and an auditor confirmed that said payments were not in fact made.").

7. The Court has reviewed the arbitrator's 48-page decision which appears to be comprehensive and well-reasoned, and rooted in documentary and testimonial evidence offered by the parties. See All. Workroom Corp., 2013 WL 6498165, at *5 ("On the record before the Court[,] . . . [there is] no material issue of fact for trial, [and] the Court will uphold the arbitrator's decision and confirm the Award."). The arbitrator found that Respondent had "failed to prove why it would be entitled to [] reduce the purchase price . . . and, therefore, [Petitioner] was entitled to . . . . the

outstanding part of the purchase price amounting to $778,265." Arb. Award ¶¶ 146–47. His decision was "reached after due deliberation" and "a thoroughgoing analysis" of the parties' briefing, the underlying contract, exhibits, and testimony, and applicable authorities. See TIG Ins. Co. v. Nat'l Union Fire Ins. Co., 2019 WL 6310208, at *3 (S.D.N.Y. Nov. 25, 2019) ("The arbitral panel's opinion reflects a considered judgment, reached 'after due deliberation' and considering the testimony at the arbitration hearing, the exhibits presented by the parties[,] . . . and the parties' . . . [b]riefs and arguments[.]" (alterations and citation omitted)); Albtelecom SH.A v. UNIFI Commc'ns, Inc., 2021 WL 1089982, at *3 (S.D.N.Y. Mar. 22, 2021) ("[T]here is no material issue of fact for trial as to confirmation, and [] the Award was properly entered. . . . The Award reflects a thoroughgoing analysis by [the] arbitrator . . . . [H]e concluded, after a thorough assessment, that [respondent] had breached its obligations under the [contract] without [] justification, . . . [and] that [petitioner] was therefore entitled to payment[.]" (citations omitted)).

The arbitrator's decision to award attorney's fees and costs to Petitioner also reflects a careful review of the evidence, including "cost submissions [made by the parties]," at the direction of the arbitrator, detailing the costs and fees incurred in connection with the arbitration proceedings. Arb. Award ¶¶ 89, 155–59; see also Broome & Wellington v. Levcor Int'l, Inc., 2003 WL 21032008, at *3–4 (S.D.N.Y. May 7, 2003) ("In respect of the arbitrator's award of attorneys' fees and costs[,] the record shows that the arbitrator reviewed . . . . the evidence proffered during the arbitration proceedings. . . . [The] Petition to Confirm the Award is granted in its entirety.").

**8.** Confirmation of the entire Award is warranted, including $778,265.00 owed under the contract, $74,300.00 in arbitration costs, and $93,247.80 in legal fees and expenses. See N.Y.C. Dist. Council of Carpenters Pension Fund v. Empire Interior Sys., Inc., 2008 WL 4449328, at *2 (S.D.N.Y. Oct. 1, 2008) ("[Petitioners] have sufficiently supported their petition and demonstrated that there is no question of material fact. [Respondent] has not submitted any opposition to raise a question of fact. Therefore, the motion to confirm the arbitration award is granted.").

5

**Attorney's Fees for Confirmation Proceedings**

9. Petitioner also seeks "[a]n Award of Petitioner's costs of this [confirmation] proceeding, including reasonable attorneys' fees incurred in bringing this proceeding." Pet. ¶ 5. The Second Circuit has held that an award of attorney's fees is permissible where, as here, "a party has unjustifiably refused to abide by an arbitrator's award." Synergy Gas Co. v. Sasso, 853 F.2d 59, 65 (2d Cir. 1988). Respondent has refused to abide by the arbitrator's decision ordering that it pay Petitioner $778,265.00 under the contract plus $74,300.00 in arbitration costs and $93,247.80 in legal fees and expenses. Respondent's "refus[al] to abide by [the] arbitrator's decision [is] without justification." Odeon Cap. Grp. LLC v. Ackerman, 864 F.3d 191, 198 (2d Cir. 2017) (citation omitted). "[A]n award of reasonable fees and costs is warranted." Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Empire Masonry, LLC, 2019 WL 11270457, at *2 (S.D.N.Y. June 5, 2019). Petitioner may receive reasonable attorney's fees and costs incurred during this confirmation proceeding.

At the same time, Petitioner has not requested a specific amount of attorney's fees. Nor has it submitted attorney time records or any other documentation setting forth the hours worked and the costs incurred in pursuing confirmation of the Award. Absent such support, the Court is unable to determine reasonable attorney's fees. See Major League Baseball Properties, Inc. v. Corporacion de Television y Microonda Rafa, S.A., 2021 WL 56904, at *3 (S.D.N.Y. Jan. 7, 2021).

Petitioner's application for legal fees and costs is, therefore, denied without prejudice. See Ceona PTE Ltd. v. Bmt Giant, S.A. De C.V., 2016 WL 6094126, at *3 (S.D.N.Y. Oct. 19, 2016) ("[Respondent] failed to satisfy the Final Award, and has not responded to [the] petition in this action. . . . As such, an award of attorneys' fees and costs incurred in bringing this action is justified. However, [petitioner] has not submitted any affidavit or other documentation, such as attorney time records, setting forth the specific fees and costs incurred in obtaining confirmation of the award.

Absent such support, the Court cannot determine . . . [what] fees and costs [are] reasonable. Accordingly, [petitioner's] application for fees and costs is denied without prejudice.").

Petitioner may apply for a specific amount of fees and costs and may submit time sheets and other written documentation in support of its attorney's fees and costs application by no later than **Monday, January 24, 2022**.

### Conclusion & Order

For the foregoing reasons, the Petition to Confirm the Arbitration Award [Dkt. #4] is granted. The Clerk of Court is directed to enter judgement in favor of Petitioner in the amount of $778,265.00 plus interest of 9% per annum calculated from October 26, 2017 until the date payment is made. The Clerk is also directed to enter judgment as follows: $74,300.00 in arbitration costs plus interest of 9% per annum calculated from the date of entry of the award (December 11, 2020) until payment is made; and $93,247.80 in legal fees and expenses incurred during the arbitration plus interest of 9% per annum calculated from the date of entry of the award (December 11, 2020) until payment is made.

Petitioner's application for attorney's fees and costs incurred in pursuing confirmation is denied without prejudice. Petitioner may submit an application for attorney's fees and costs and time sheets and other written materials in support of its application by no later than **Monday, January 24, 2022**. The Court will review and determine reasonable legal fees and costs and issue a subsequent ruling.

Dated: New York, New York
       January 14, 2022

_____
 **RICHARD M. BERMAN, U.S.D.J.**